UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BELINDA McGUIRE,

    Plaintiff,

v.

WASHTENAW COMMUNITY
COLLEGE,

    Defendant.
_____/

Case No. 12-13986

Hon. John Corbett O'Meara

## ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Before the court is Defendant's motion for summary judgment, filed February 3, 2014. Oral argument was scheduled for April 3, 2014. Approximately ten minutes before argument was scheduled to begin, Plaintiff's counsel phoned the court to say that he was unable to appear and would waive oral argument.

## BACKGROUND FACTS

Plaintiff Belinda McGuire is an instructor at Washtenaw Community College ("WCC"). She taught in the Drafting, CAD, and Interior Design department beginning in 1988. In February 2009, WCC eliminated the Drafting, CAD, and Interior Design department. Facing termination, McGuire availed herself of a remedy under the faculty's collective bargaining agreement, which

allowed her to "retrain" to become a Studio Art instructor.  The Studio Art instructor position required a "Master of Fine Arts or equivalency." Although McGuire did not have a M.F.A., she had a bachelor's degree in fine arts from Eastern Michigan University and a master's in higher education from the University of Toledo.  McGuire contends that she was qualified to teach in the art department without further training, but agreed to pursue an M.F.A.

McGuire took a sabbatical leave in the fall of 2009 to take courses toward her M.F.A.  After that, McGuire was permitted to teach Studio Art during her retraining period and continues to teach at WCC.

On December 6, 2011, McGuire received a memo from Dean Bill Abernethy regarding the status of her retraining plan.  Abernethy requested that McGuire "provide me with evidence that you have met or exceeded the conditions of this plan no later than December 22, 2011." McGuire responded by stating that she had successfully completed the retraining plan because she had completed more than 30 hours of graduate courses in Studio Art.  McGuire also complained that the requirement that she obtain an additional master's degree was discriminatory, because certain male members of the art department did not possess a master's degree.

On January 3, 2012, McGuire received a letter from Stuart Blacklaw, Vice

President for Instruction at WCC, indicating that she had completed her retraining plan. Def.'s Ex. 12 ("I am acknowledging with this letter that your retraining for purposes of employment as an Art instructor is complete.").

McGuire filed a charge with the Michigan Department of Civil Rights and the EEOC on January 24, 2012, alleging sex and age discrimination. In the charge, McGuire complained that her position was eliminated in 2009, she was required to participate in a retraining program, and she "was asked to produce the results of my training program by 22 December 2011." After she complained about discrimination, "I received notification that I had suddenly completed the terms of my Retraining Program and was no longer required to do anything further." Plaintiff received a right-to-sue letter from the EEOC on June 14, 2012.

## LAW AND ANALYSIS

Plaintiff filed her complaint on September 10, 2012, alleging sex and age discrimination claims pursuant to Title VII, the Age Discrimination in Employment Act, and the Elliott-Larsen Civil Rights Act.[1] Defendant seeks summary judgment on various grounds, including that Plaintiff's claims are time barred.

---

[1] Plaintiff also alleged retaliation, but her retaliation claim has been dismissed for failure to state a claim.

Plaintiff contends that she has alleged several acts of discrimination that are not time barred: "(1) Defendant's imposition of a retraining program at Eastern Michigan University even though Plaintiff was already qualified to be an instructor in Defendant's Art department, (2) Defendant's refusal to approve Plaintiff's Plan of Study towards her retraining program on February 25, 2010, (3) Abernathy's threat to terminate Plaintiff's employment on December 6, 2011, if she didn't have a second Master's degree by December 22, 2011, and (4) Blacklaw's acknowledgment on January 3, 2012 that Plaintiff had completed her retraining program without the need for a second Master's degree which admitted that Defendant, essentially, had engaged in discrimination against Plaintiff based on age and gender." Pl.'s Br. at 9-10.

Despite Plaintiff's characterization, these allegedly discriminatory "acts" are consequences of the elimination of her position and WCC's requirement that she "retrain" and obtain a second master's degree. Plaintiff was informed of this decision in February 2009 and that is when her claim accrued. See Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (holding that discrimination claim accrued when the decision to deny tenure was made and communicated to the plaintiff, "even though one of the *effects* of the denial of tenure – the eventual loss of a teaching position – did not occur until later"). As the Supreme Court noted,

"[t]he proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." Id. (citation omitted).

Although Plaintiff's claim accrued in 2009, she did not file a charge with the EEOC until January 24, 2012, almost three years later. This is well outside the 300-day time period for filing an administrative charge under Title VII or the ADEA. See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). "A claim is time barred if it is not filed within these time limits." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109-110 (2002). See also Jackson v. Richards Med. Co., 961 F.2d 575, 578 (6th Cir. 1992) ("The timely filing of a charge of age discrimination with the EEOC is ordinarily a condition precedent to an ADEA lawsuit."). Therefore, Plaintiff's Title VII and ADEA claims are time barred.

The same is true for Plaintiff's ELCRA claim. The statute of limitations for an ELCRA claim is three years from the time the discriminatory acts occur. See Joliet v. Pitoniak, 475 Mich. 30, 36 (2006) ("[P]laintiff's claims are barred by the statute of limitations unless they were brought within three years of the date the claims accrued, which is the date of the alleged wrongdoing."). The alleged wrongdoing here occurred in February 2009 – when Plaintiff was required to obtain additional training to teach in the art department. This action was filed in September 2012, more than three years later. Accordingly, Plaintiff's ELCRA

claim is time barred.

## **ORDER**

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED.

s/John Corbett O'Meara<br>United States District Judge

Date:  April 7, 2014


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 7, 2014, using the ECF system.

s/William Barkholz<br>Case Manager